UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/10/22
```

Marlon Roberts,

                Petitioner.

–v–

United States of America,

                Respondent.

18-cv-5625 (AJN)
15-cr-95-16 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

Petitioner Marlon Roberts seeks to vacate his conviction pursuant to 28 U.S.C. § 2255, arguing that the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), renders his conviction invalid. For the reasons that follow, the Court concludes that Petitioner procedurally defaulted this claim. Even if Petitioner established cause for not making his motion earlier—either because it was unavailable or because he received ineffective assistance of counsel—Petitioner cannot establish prejudice. The Court therefore denies Petitioner's motion to vacate.

I.    BACKGROUND

    A.  Factual Background

In April 2016, Roberts was charged in an indictment along with more than sixty co-defendants associated with "Big Money Bosses," a street gang operating in the Bronx. Dkt. No. 2691 at 1. Count One of the indictment charged the Petitioner and his associates with a RICO conspiracy, Count Two charged a narcotics conspiracy, Count Three charged distribution of drugs near school grounds, and Count Four charged the use and discharge of firearms in

1

connection with the conspiracies charged in Count One and Count Two in violation of 18 U.S.C. § 924(c)(1)(A)(iii). *Id.* At the time of his conviction, either Count One, the RICO conspiracy, or Count Two, the narcotics conspiracy, could serve as the necessary predicate crime to 18 U.S.C. § 924(c)(1)(A)(iii) which provided a mandatory minimum of ten years for discharging a firearm in connection with those predicate crimes.

On August 17, 2017, Roberts pled guilty to Count Four pursuant to a plea agreement. Dkt. No. 2591 at 1, 4. Pursuant to that agreement, the Government dropped the remaining charges against him and the parties stipulated that the Guidelines Sentence was a mandatory minimum sentence of 120 months. *Id.* at 4-5. Prior to this plea agreement, Roberts faced a mandatory minimum sentence of twenty years' incarceration for all four counts in the indictment. *Id.*

At the plea hearing, Magistrate Judge Moses explained that Count Four charged Roberts with discharging a firearm "during and in relation to the racketeering conspiracy charged in Count One of the indictment, and the narcotics conspiracy charged in Count Two of the indictment" in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Plea Tr. at 10. During his plea allocution, Roberts stated that "[b]etween 2007 and 2016 [he] fired a firearm in the Bronx in furtherance of a gang activity." *Id.* at 17. He stated that he was a member of the BMB gang and that he committed two or more acts of violence on behalf of the gang. *Id.* at 19-20. The government's factual summary, to which Roberts did not object, explained that if the case were to proceed to trial, the government would "prove that Mr. Roberts was a member of the Big Money Bosses or BMB street gang, which controlled territory in the northern Bronx through acts of violence and the sale of drugs, including crack and marijuana, and that Mr. Roberts was involved in multiple acts of violence with the gang, including multiple shootings." *Id.* at 20-21.

At the sentencing hearing on February 14, 2018, without objection from the parties, the Court adopted the factual recitation from the presentencing report. Sentencing Tr. at 3. The presentencing report described how Roberts was "intimately involved in the violence and drug dealing that was perpetrated by [the] BMB gang." *Id.* at 5. The Court sentenced Roberts to the mandatory minimum sentence of 120 months of incarceration. *Id.* at 12.

### B. Procedural History

On June 20, 2018, Petitioner filed a *pro se* motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On February 27, 2019, with the consent of the parties, the Court stayed the matter pending the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019). Dkt. No. 2528.[1] In June of 2019, the Supreme Court decided *Davis*. In August of 2019, the Government filed a response to Petitioner's motion. Dkt. No. 2591. On September 13, 2019, the Court appointed counsel for Petitioner. Dkt. No. 2618. Petitioner filed his counseled motion to vacate on November 21, 2019, the Government submitted its response on December 19, 2019, and Petitioner replied on January 10, 2020. Dkt. No. 2691; Dkt. No. 2712; Dkt. No. 2739. On December 7, 2020, Petitioner's counsel requested that the Court wait to rule on the instant motion until the Supreme Court resolved the certiorari petition in *United States v. Dussard*, 967 F.3d 149 (2d Cir. 2020), and on January 26, 2021, the Court granted that request. Dkt. No. 3114; Dkt. No. 3156. After the Supreme Court denied that certiorari petition, Petitioner's counsel filed a letter motion that argued the Second Circuit's (now final) holding in *Dussard* does not compel denying Petitioner's motion. Dkt. No. 3223.

---

[1] The following docket citations refer to Petitioner's criminal case docket, 15-cr-95-16, unless noted otherwise.

## II.     DISCUSSION

In his § 2255 motion, Petitioner argues that his conviction under 18 U.S.C. § 924(c) must be vacated because, after the Supreme Court's decision in *United States v. Davis*, a RICO conspiracy "is no longer a valid § 924(c) predicate." Dkt. No. 2691 at 7 (citing 139 S. Ct. 2319 (2019)). The Government agrees that the charged RICO conspiracy in Count One can no longer satisfy the § 924(c) predicate. Dkt. No. 2591 at 10; *see generally United States v. Heyward*, 3 F.4th 75, 80-81 (2d Cir. 2021). However, the Government argues that the narcotics conspiracy charged as Count Two requires that the conviction stand since that conspiracy is a "drug trafficking crime" and thus serves as a predicate to his § 924(c) conviction. *Id.*; *see United States v. Dussard*, 967 F.3d 149, 157-58 (2d Cir. 2020).

Petitioner makes two arguments in response. First, he responds that the record does not support the Government's assertion that the drug trafficking crime served as a predicate for his § 924(c) conviction. Dkt. No. 2691 at 8. Petitioner relies on his written plea agreement, plea allocution, and the Government's evidentiary summary at the plea in arguing that there is no "factual basis to conclude that [Petitioner] participated or conspired in trafficking drugs." *Id.* at 8-11. In the alternative, Petitioner argues that if the record is ambiguous, the Court is required to vacate his sentence because the Court "might have relied upon the unconstitutional predicate of RICO conspiracy to convict him." *Id.* at 13-14.

The Court need not address these arguments, however, because they are procedurally barred. Petitioner argues that he can overcome the procedural bar. He argues that he can establish cause either because his claim was previously unavailable or because he received ineffective assistance of counsel. Even if so, Petitioner cannot establish prejudice.

4

### A. The Petition is Procedurally Barred

"Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Diaz v. United States*, No. 16-CR-719-5 (RJS), 2020 WL 5731610, at *2 (S.D.N.Y. Sept. 24, 2020) (quoting *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010)). One such rule is the procedural default rule. *Id.* When a defendant has failed to raise a claim on direct review, it can be raised collaterally "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (internal citations omitted). As to cause, a habeas petitioner can "demonstrate that the argument now raised 'was so novel that its legal basis was not reasonably available to counsel' at the time of his direct appeal." *Lopez v. United States*, 792 F. App'x 32, 39 (2d Cir. 2019). But it is not sufficient to show that "a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *United States v. Thorn*, 659 F.3d 227, 233 (2d Cir. 2011). Additionally, in order to establish prejudice, a petitioner must show that "[t]he error . . . resulted in substantial disadvantage, infecting the entire trial" or other proceeding "with error of constitutional dimensions." *Gutierrez v. Smith*, 702 F.3d 103, 112 (2d Cir. 2012) (cleaned up); *see Strickler v. Greene*, 527 U.S. 263, 296 (1999) (finding no prejudice from procedural default since "petitioner has not shown that there is a reasonable probability that his conviction or sentence would have been different").

Petitioner did not file any direct appeal of his conviction. Dkt. No. 2691 at 3. Therefore, he must overcome the Government's argument that his claims are barred by the procedural default rule. Dkt. No. 2591 at 14-20. Here, Petitioner does not argue that he is actually innocent. Dkt. No. 2691 at 22 n.5. Rather, he relies on cause and prejudice to excuse his procedural default. *Id.* at 14-22.

In his § 2255 motion, Petitioner argues that he has established cause since at the time of his plea and sentencing, "long-standing Second Circuit precedent held that RICO conspiracy was a crime of violence for purposes of § 924(c)." Dkt. No. 2691 at 16 (citing cases). The Government contends, however, that Petitioner's current argument was available to him at the time he chose to plead guilty. Dkt. No. 2591 at 16. Petitioner responds that if this argument was, in fact, previously available to Petitioner, then his counsel was ineffective for failing to raise it earlier, which is an alternative ground for Petitioner to establish cause. Dkt. No. 2691 at 19-20; *see Martinez v. Ryan*, 566 U.S. 1, 11 (2012) (explaining when ineffective assistance of counsel can fulfill cause under the procedural default rule). Assuming, *arguendo*, that Petitioner has established cause, his claim is still procedurally defaulted because he cannot establish prejudice.

Petitioner argues that he can demonstrate prejudice because he would not have pled guilty had he known that the RICO conspiracy was legally insufficient to sustain the § 924(c) conviction. Dkt. No. 2691 at 20. But this argument cannot prevail given the Second Circuit's recent opinion in *United States v. Dussard*, 967 F.3d 149, 156 (2d Cir. 2020).

In *Dussard*, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and possession of a firearm in furtherance of a narcotics conspiracy. *Dussard*, 967 F.3d at 151. After the Supreme Court's ruling in *Davis*, conspiracy to commit Hobbs Act robbery could not be considered a predicate offense for a § 924(c) conviction. *Id.* at 156. Nevertheless, using a plain

6

error standard, the Second Circuit in *Dussard* found that this error did not affect the defendant's substantial rights meaning that it was not "prejudicial." *Id.* The court examined whether Dussard could show a reasonable probability that but for the error, he would not have pled guilty. *Id.* After reviewing the record as a whole, the court concluded he could not meet this burden. The record showed that Dussard "would have had little genuine hope of being acquitted of the . . . drug trafficking conspiracy after a trial." *Id.* at 157. His plea agreement could have just as easily referred to the narcotics conspiracy as the predicate offense instead of the Hobbs Act robbery conspiracy. *Id.* at 157-58. While Dussard argued that he did not plead guilty on the basis of the drug-trafficking conspiracy, "nothing about his plea or the plea hearing itself provides any basis for an argument that he was willing to plead guilty to [the § 924(c) conviction] only if it was tied to the charge of Hobbs Act conspiracy and that he would not have pleaded guilty to [that conviction] if the Plea Agreement had referred instead to the drug trafficking predicate." *Id.* at 158.

Courts have found the logic of *Dussard* applicable in the habeas context. *See United States v. Welch*, No. 17-CR-126 (ERK), 2020 WL 6200168, at *3 (E.D.N.Y. Oct. 22, 2020). Petitioners seeking to show "actual prejudice" under the procedural default standard have at least as great a burden as Dussard did on appeal. *Compare United States v. Curry*, No. 14-CR-212 (RJS), 2022 WL 19702, at *3 n.3 (S.D.N.Y. Jan. 3, 2022) (finding that the prejudice standard in *Dussard* "mirrors" that for a habeas petitioner) *with United States v. Haynes*, No. 14 CR. 726 (PGG), 2020 WL 5666799, at *6 (S.D.N.Y. Sept. 23, 2020) (finding a petitioner's burden to show prejudice "higher" than in *Dussard*). "[A] § 924(c) conviction does not require a conviction of the predicate offense 'so long as there is legally sufficient proof that the predicate crime was, in fact, committed.'" *United States v. Padilla*, No. 16 CIV. 3622 (DC), 2021 WL

1143793, at *4 (S.D.N.Y. Mar. 24, 2021) (quoting *Johnson v. United States*, 779 F.3d 125, 129 (2d Cir. 2015)). In assessing whether the predicate crime was committed, the Court reviews the record as a whole. *See Jackson v. United States*, No. 16 CIV. 4792 (LAP), 2022 WL 976358, at *7 (S.D.N.Y. Mar. 31, 2022).

Given this standard, the Court concludes that there are sufficient facts to find that the drug-trafficking conspiracy was committed. As described in the presentencing report, BMB was a street gang operating in the Bronx whose members "sold drugs" including crack, marijuana, and prescription pills. PSR at 9. BMB members "engaged in acts of violence" in part to "secure[] the gang's territories and drug spots." *Id.* at 9. On two occasions when Petitioner was arrested alongside other BMB members, he was in possession of drugs and drug paraphernalia. *Id.* at 13. Petitioner detailed his drug dealing in multiple posts to his Facebook page. *Id.* The undisputed facts demonstrate that this is an instance where the racketeering and drug-trafficking conspiracies were "inextricably intertwined." *United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016). During his plea allocution, Petitioner stated that he discharged a firearm in connection with "gang activity." Plea Tr. at 17. The undisputed facts from the presentencing report detail how that gang activity included drug trafficking and thus the Court concludes that there is legally sufficient proof that discharging a firearm in connection with drug trafficking, in fact, occurred.

The record does not support Petitioner's contention that he would have only agreed to a plea deal based on the RICO conspiracy predicate. *See United States v. Welch*, No. 17-cr-126 (ERK), 2020 WL 6200168, at *4 (E.D.N.Y. Oct. 22, 2020). Prior to his plea, Petitioner faced a mandatory minimum sentence of twenty years' incarceration. Dkt. No. 2591 at 4. And like the defendant in *Dussard*, Petitioner would have had "little genuine hope" in being acquitted on the drug-trafficking conspiracy charge at trial. *Dussard*, 967 F.3d at 157. The plea deal allowed

Petitioner to reduce the sentencing exposure he faced at trial in half and to instead serve the mandatory minimum for Count Four of the indictment, 120 months of incarceration. Dkt. No. 2591 at 4. Had the ruling of *Davis* been in effect at that time, "there can be no doubt that the government would have pursued a § 924(c) conviction predicated on the narcotics trafficking conspiracy alone." *Diaz*, 2020 WL 5731610, at *4 . It "defies logic" to assume, in retrospect, that Petitioner would not have pled to the necessary predicate when that drug-trafficking offense would have also subjected him to the same 120 months of incarceration. *Id.*

    The Court is unconvinced by Petitioner's argument that the Second Circuit's decision in *United States v. Heyward* requires vacatur of his conviction. 3 F.4th 75 (2d Cir. 2021). *See* Dkt. No. 3223. In *Heyward*, under a plain error standard, the Second Circuit vacated a defendant's § 924(c) conviction when it was "impossible to tell" if that conviction was premised on a proper post-*Davis* predicate crime. *Id.* at 83 n.7 (citing *United States v. Foley*, 73 F.3d 484, 493 (2d Cir. 1996)). Critically, the trial record and a special verdict form demonstrated a "distinct factual separation" between the racketeering conspiracy (an insufficient predicate for a § 924(c) conviction post-*Davis*), and the drug-trafficking conspiracy (a sufficient predicate). *Id.* at 83. The court therefore declined to "independently conclude" if a qualifying crime of violence had been committed or not. *Id.* at 85. Here, by contrast, the record reflects a situation where the two conspiracies are not so "separable." *Id.* at 83. Thus, the Court can conclude that had Petitioner been offered the same plea agreement predicated on the drug-trafficking conspiracy, he would have accepted. *See Gayle v. United States*, No. 16-CR-361-1 (CS), 2021 WL 5234762, at *7 (S.D.N.Y. Nov. 8, 2021) (collecting cases where post-*Dussard* courts have "found narcotics and racketeering conspiracies to be inextricably intertwined" based on plea allocutions).

In sum, the Court concludes that Petitioner's argument was procedurally defaulted. Even assuming that cause for the procedural default could be established, Petitioner cannot establish "actual prejudice." *Gupta*, 913 F.3d at 84.

### III. CONCLUSION

For the reasons explained above, Petitioner's motion to vacate his conviction under 28 U.S.C. § 2255 is DENIED. This resolves docket numbers 2691 and 3223 in 15-cr-95-16. The Clerk of Court is respectfully directed to close the civil docket, Case No. 18-cv-5625, and enter judgment.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2). The Court further finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 10, 2022
 New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge
Sitting by Designation